United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CALIFORNIA EQUITY MANAGEMENT
GROUP, INC,

             Plaintiff,

   v.

PHYLLIS McGIHON,

             Defendant.

_____/

No. C 12-04394 WHA

**ORDER DENYING MOTION TO
REMAND AND FURTHER
ORDER TO SHOW CAUSE**

The motion to remand is untimely under 28 U.S.C. 1447, not having been brought within

30 days of the removal.  Attorney Kent Tierney's sworn statement herein that plaintiff "did not

learn of the removal until it went to trial in November 2012 " (Tierney Decl. ¶ 7) is untrue.  The

transcript of the hearing in state court on August 30, 2012, shows that Attorney Tierney

discussed the removal to federal district court with the state court judge (and Ms. McGihon).

And the words used are unmistakable that the colloquy concerned the very removal at issue.  For

example, the colloquy uses the phrase "removal to the federal district court," "removal," "28

U.S.C. 1446," and the like at least six times.  Attorney Tierney himself argued the federal

removal had been untimely under 28 U.S.C. 1446 (Tr. 4):

> MR. TIERNEY: And my only response to the removal is that the
> removal is improper because it wasn't filed within the 30 days
> after the service of process pursuant to 28 USC 1446, which you
> have to serve it within 30 days when you were originally served
> with the complaint.

**United States District Court**
For the Northern District of California

1    In the face of this transcript, it is hard, indeed impossible, to understand why Attorney Tierney

2    stated that he, and therefore his client, "did not learn of the removal until it went to trial in

3    November 2012."  Indeed, when asked to explain this, Attorney Tierney eventually (after a

4    second order to do so) filed another declaration dodging the issue and stated that at the August

5    30 hearing defendant informed the state court of a bankruptcy filing, which led the judge to stay

6    the case.  That was true as far as it went but dodged the point now at issue whether he learned of

7    the removal to federal court on August 30.  Plainly he did and rather than own up to it, Attorney

8    Tierney has compounded his misleading declaration.

9            Consequently, as it is untimely under Section 1447, the motion to remand is **DENIED**.

10   The Court will separately consider whether to refer Attorney Tierney to the State Bar or to this

11   Court's own disciplinary committee — if Attorney Tierney wishes to file anything else on this

12   question, he must do so by **FEBRUARY 21 AT NOON**.

13                    *                         *                         *

14           Nonetheless, upon the Court's own review of the file, it appears the Court may lack

15   subject-matter jurisdiction, a separate point *not* raised by Attorney Tierney.  The unlawful

16   detainer complaint does not seem to present a federal question.  On the Court's own motion,

17   therefore, both sides are ordered to show cause by **FEBRUARY 28 AT NOON** why this action

18   should not be remanded to state court for lack of subject-matter jurisdiction.

19

20           **IT IS SO ORDERED.**

21

22   Dated:  February 14, 2013.

23                                                    WILLIAM ALSUP
                                                      UNITED STATES DISTRICT JUDGE

24

25

26

27

28

                                                 2