IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA EQUITY MANAGEMENT GROUP, INC, <br><br> Plaintiff, <br><br> v. <br><br> PHYLLIS McGIHON, <br><br> Defendant. / | No. C 12-04394 WHA <br><br><br> **ORDER REMANDING ACTION TO STATE COURT** |

Following the trustee's sale of defendant Phyllis McGihon's residential property, the purchaser, California Equity Management Group, Inc. ("CEMG"), brought an unlawful detainer action against her in the Superior Court for the County of Contra Costa. Ms. McGihon, who is pro se, removed the action to this court in August 2012. An order denied as untimely plaintiff's motion to remand and additionally required both parties to show cause why the action should not be remanded for lack of subject-matter jurisdiction (Dkt. No. 24).

Plaintiff's response did not address subject-matter jurisdiction (Dkt. No. 26). Ms. McGihon's response purported to address the jurisdictional issue by concurrently filing a "Cross Complaint Pursuant to FRCP 13(g)" asserting federal and state law claims against E-Trade Wholesale Lending Corp., E-Trade Savings Bank, Bayview Loan Servicing, LLC, Seaside Trustee, Inc., MERS, and 20 unnamed Does (Dkt. No. 29). Neither the caption nor the substance of the "cross complaint" indicate that any claims are actually alleged against CEMG. Therefore, instead of a "cross complaint," this complaint will be construed as an attempt to docket a third-

party complaint pursuant to FRCP 14 against the third-party defendants listed above. As of the date of this order, the putative third-party defendants have not been properly served with a summons and copy of the third-party complaint (*see* Dkt. No. 32) (providing proof of service by mail only).

As the order to show cause noted, the original unlawful detainer complaint does not seem to present a federal question (Dkt. No. 24). Nor are the parties diverse, as both appear to be citizens of California. Neither party has directed the Court to any potential basis for original jurisdiction in the primary complaint.

Ms. McGihon argues that her proposed third-party complaint, which brings claims under federal law, provides subject-matter jurisdiction (Dkt. No. 28). Our court of appeals applies the "voluntary/involuntary rule," providing that "a suit which, at the time of filing, could not have been brought in federal court must remain in state court unless a voluntary act of the plaintiff brings about a change that renders the case removable." *California v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993) (internal quotations and citations omitted). Here, *defendant* attempts to prevent remand to state court by filing a third-party complaint with federal claims. A defendant may not create subject-matter jurisdiction by filing a third-party complaint — that is not a voluntary act by plaintiff. *Id.* at 348–49. This order finds that neither the original complaint nor Ms. McGihon's proposed third-party complaint provide a basis for the exercise of federal jurisdiction. District courts "shall" remand state law claims where the court lacks removal subject-matter jurisdiction. 28 U.S.C. 1447(c). The action is hereby **REMANDED TO THE SUPERIOR COURT FOR THE COUNTY OF CONTRA COSTA.** The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 24, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2